United States District Court
District of Minnesota
Civil No. 19-3158(DSD/TNL)

Christopher Delamarter,
individually and on behalf of
all others similarly situated,

       Plaintiff,

v.                                ORDER

Supercuts, Inc.,

       Defendant.

    Kelly Iverson, Esq. and Carlson Lynch Sweet Kilpela & Carpenter, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222 and Bryan L. Bleichner, Esq. and Chestnut Cambronne PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401, counsel for plaintiff.

    Christopher Munro Young, Esq. and DLA Piper LLP (US) Litigation, 401 B Street, Suite 1700, San Diego, CA 92101, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Supercuts, Inc. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion to dismiss is denied.

**BACKGROUND**

This putative class action under the Fair and Accurate Credit Transactions Act (FACTA), 15 U.S.C. § 1681 et seq., arises from Supercuts' printing of eight digits of plaintiff Christopher Delamarter's credit card on a receipt. FACTA provides that "no

person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number ... upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681c(g)(1).

In October 2018, Delamarter made a purchase at a Supercuts location in Pittsburgh, Pennsylvania. Compl. ¶ 15. Delamarter received a paper receipt for his purchase which included the first four and last four digits of his credit card number. Id. ¶ 16. Delamarter alleges that the amount of information on his receipt violated FACTA and has increased the risk that he could be subject to identity theft and credit card fraud. Id. ¶ 19. He does not allege that he has experienced any negative repercussions, however. He also alleges, on information and belief, that Supercuts was routinely providing similar receipts to other customers. Id. ¶ 20.

Most of the complaint is devoted to explaining why Congress enacted FACTA and establishing that its provisions are widely known, discussed, and understood within the retail industry. See id. ¶¶ 3, 6-7, 21-49. Delamarter also details the basis for his allegation that Supercuts had actual knowledge of FACTA's prohibitions. See id. ¶¶ 50-68. He alleges, on information and belief, that Supercuts had agreements with various credit card issuers, such as Visa, MasterCard, and American Express, that advised Supercuts about its

obligation to truncate credit card account numbers.  Id. ¶ 51.  He further alleges, also on information and belief, that Supercuts' credit card issuers, point-of-sale providers, and trade associations otherwise periodically advised Supercuts of its obligations under FACTA.  Id. ¶¶ 52-55.  He also specifically alleges that two Supercuts executives, Andrew Lacko and Shawn Moren, were aware of FACTA's provisions based on their previous roles at other companies that were sued for FACTA violations like those alleged here.  See id. ¶¶ 56-69.

On November 19, 2019, Delamarter filed this action in Hennepin County District Court individually and on behalf of all others similarly situated, alleging that Supercuts willfully violated FACTA by printing the first four and last four digits of his credit card number on his receipt.  He seeks statutory damages, punitive damages, costs, and attorney's fees.  Supercuts timely removed the case to federal court based on diversity jurisdiction and now moves to dismiss.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not enough to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

**II. FACTA Violation**

Supercuts argues that Delamarter does not allege a FACTA violation because printing the first four digits of a card number does not increase the risk of identity theft or fraud, which is the harm FACTA was designed to prevent. Delamarter responds that the dispositive issue is not whether the receipt exposed him to additional risk (even though he alleges it did), but rather whether the act of printing more than the last five digits of the card number violated the statute's plain language. To resolve this issue, the

4

court must turn to the statute itself.

"[T]he starting point for interpreting a statute is the language of the statute itself." Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980). "[I]f the statutory language is unambiguous and the statutory scheme coherent and consistent," the court's inquiry ends. Barnhart v. Sigmon Coal Co., 534 U.S. 438, 450 (2002) (internal quotation marks and citation omitted). In interpreting statutory language, the court will presume that the "ordinary meaning" of Congress's chosen language "accurately expresses the legislative purpose." Wis. Educ. Ass'n Ins. Trust v. Ia. State Bd. of Pub. Instruction, 804 F.2d 1059, 1062 (8th Cir. 1986) (quoting Park'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 194 (1985)). When statutory language is unambiguous, there is no need to analyze legislative history. United States v. Gonzales, 520 U.S. 1, 6 (1997). "Indeed, far from clarifying the statute, the legislative history only muddies the waters." Id.

There is no ambiguity here. FACTA expressly and unqualifiedly prohibits merchants from printing "more than the last 5 digits of the card number ... upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681c(g)(1). FACTA does not require a showing that any additional digits beyond those authorized to be disclosed exposed the cardholder to the risk of

5

identity theft or fraud, nor does it leave room for discussion of the kind of information conveyed by the digits displayed. See Gennock v. Kirkland's, Inc., No. 17-454, 2017 WL 6883933, at *6 (W.D. Pa. Nov. 29, 2017) (noting that "Congress explicitly prohibited merchants from printing 'no more than the last five digits of the card number'" and holding that the law "as written" precludes merchants from printing receipts containing the first six and last four digits of plaintiff's credit card number), report and recommendation adopted, 2018 WL 350553 (W.D. Pa. Jan. 9, 2018); Tchoboian v. FedEx Office & Print Servs., Inc., No. SACV 10-1008 AG, 2011 WL 12842228, at *3 (C.D. Cal. Jan. 28, 2011) (rejecting the argument that printing the first two and last four digits of the credit card number does not violate FACTA because the statute is "unambiguous" and "clearly makes the display of 'more than the last 5 digits' a violation of FACTA"); see also Coleman v. Exxon Mobil Corp., No. 1:17-CV-119-SNLJ, 2018 WL 1785477, at *2 (E.D. Mo. Apr. 13, 2018) (noting that "there is no doubt that defendants violated the statute" by printing the first six and last four digits of the credit card number); Korman v. Walking Co., 503 F. Supp. 2d 755, 760 (E.D. Pa. 2007) ("printing 6+ digits violates FACTA"); Pirian v. In-N-Out Burgers, No. SACV-06-1251 DOC (MLGx), 2007 WL 1040864, at *3 (C.D. Cal. Apr. 5, 2007) (rejecting a "tortured

reading" of FACTA because the statute "is not ambiguous on its face").

Cases holding otherwise are neither binding nor persuasive given the statute's unambiguous language. See Marshall v. G6 Operating LP, No. 4:19-cv-3095, slip op. at 6 (N.D. Cal. Oct. 22, 2019) (finding FACTA ambiguous and holding that plaintiff failed to state a claim under the stature because printing the first six and last four digits of the credit card did not convey personally identifiable information); Noble v. Nev. Checker CAB Corp., No. 2:15-cv-2322-RCJ-VCF, 2016 WL 4432685, at *2 (D. Nev. Aug. 19, 2016) (holding that FACTA is ambiguous and that the merchant did not violate the statute by including the first digit of the card because that digit does not disclose "the kind of private financial information FACTA was intended to protect") aff'd 726 Fed. App'x 582 (9th Cir. 2018); Broderick v. 119TCbay, LLC, 670 F. Supp. 2d 612, 617 (W.D. Mich. 2009) (finding FACTA ambiguous and concluding that printing the first digit of a card number did not violate FACTA because the digit did not reveal sensitive information). Indeed, Broderick, the first case to so hold, has been called a "bizarre outlier." Gennock, 2017 WL 6883933, at *8; see also Tchoboian, 2011 WL 12842228, at *3 ("[T]he Court is unpersuaded by the Broderick Court's holding."); Soto v. Great Am. LLC, No. 2-18-911, 2020 WL 359491,

at *6 (Ill. Ct. App. Jan. 22, 2020) ("We are unpersuaded by Broderick's conclusion that section 1681c(g)(1) is ambiguous.").

If Congress had intended to limit only the disclosure of personally identifiable account information, it could have easily done so. It did not, and the court is bound to apply the statute's plain language as written. When the court does so, it is undeniable that Delamarter has adequately alleged that Supercuts violated FACTA by printing the first four and last four digits of his card number, which is plainly "more than the last 5 digits of the card number." He has therefore pleaded a cognizable legal claim under FACTA.

## III. Willfulness

Supercuts next argues that the complaint should be dismissed because Delamarter has not adequately alleged a willful violation of FACTA. Liability under FACTA turns on whether the violation is willful when, as here, no actual damages have been alleged. See 15 U.S.C. § 1681n(a)(1)(A)("Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount ... not less than $100 and not more than $1,000[.]"); see also Hammer v. Sam's East, Inc., 754 F.3d 492, 501 (8th Cir. 2014) ("[A] person who fails to comply with FACTA's receipt requirement does not incur liability for damages unless the violation is willful."), abrogated on other

8

grounds by Golan v. FreeEats.com, Inc., 930 F.3d 950, 957-58 (8th Cir. 2019).  Willful in this context means a violation that is either "knowing" or "reckless."  Safeco Ins. Co. v. Burr, 551 U.S. 47, 57 (2007).

The court finds that Delamarter has adequately pleaded willfulness by alleging widespread industry knowledge about FACTA's truncation requirement; that Supercuts received continual reminders of that requirement by its credit card issuers, point-of-sale providers, and trade associations; and that certain Supercuts executives had first-hand knowledge of the requirement.  The fact that Delamarter bases some of the allegations on information and belief does not undermine his claim at this stage of the litigation.  The allegations are specific enough and with enough indicia of reliability to lead to the plausible inference that Supercuts knew about the truncation requirement before the alleged violation and therefore at least recklessly violated the statute.  See Pope v. Fed. Home Loan Mortg. Corp., 561 Fed. App'x 569, 573 (8th Cir. 2014) (recognizing that plaintiffs may plead upon information and belief unless based on "pure speculation").  As a result, Delamarter has plausibly alleged that Supercuts willfully violated FACTA.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 15] is denied.


Dated: March 3, 2020

                                         s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court